UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

JANETTE MORALES,                                    Case No. 17 CV 5787 (RJS)

                    Plaintiff,

      -against-                                    **AMENDED COMPLAINT**

                                      JURY DEMAND

THE CITY OF NEW YORK, P.O. SHAUN
GUMBS [SHIELD # 29556], SERGEANT
GERARD CAFFREY [SHIELD # 0958],
P.O. DAVID LEE [SHIELD # 3578], P.O.
KELVIN PRADO [SHIELD # 2604], P.O.
THOMAS ROMANIELLO [SHIELD #
28335], P.O. JOSE ROSARIO [SHIELD #
2128], and JOHN DOE AND JANE DOE #
(the names John and Jane Doe being fictitious,
as the true names are presently unknown),
                          Defendants.
-----------------------------------------------------------------------X

Plaintiff, JANETTE MORALES, by her attorney, The Law Offices of UGO UZOH, P.C.,
complaining of the defendants herein, The City of New York, P.O. Shaun Gumbs [Shield
# 29556], Sergeant Gerard Caffrey [Shield # 0958], P.O. David Lee [Shield # 3578], P.O.
Kelvin Prado [Shield # 2604], P.O. Thomas Romaniello [Shield # 28335], P.O. Jose
Rosario [Shield # 2128], and John Doe and Jane Doe (collectively, "defendants"),
respectfully alleges as follows:

NATURE OF THE ACTION

1.      This is an action at law to redress the deprivation of rights secured to the
plaintiff under color of statute, ordinance, regulation, custom, and/or to
redress the deprivation of rights, privileges, and immunities secured to the
plaintiff by the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the
Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising
under the law and statutes of the City and State of New York.

JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28
U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the

Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

3.    As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

4.    Plaintiff is and was at all times material herein a resident of the United States and the State of New Jersey.

5.    Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

6.    The City of New York Police Department ("NYPD") is an agency of Defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of Defendant City.

7.    Defendant P.O. Shaun Gumbs [Shield # 29556] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

8.    Defendant Sergeant Gerard Caffrey [Shield # 0958] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

9.    Defendant P.O. David Lee [Shield # 3578] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

10.    Defendant P.O. Kelvin Prado [Shield # 2604] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

11.    Defendant P.O. Thomas Romaniello [Shield # 28335] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

12.    Defendant P.O. Jose Rosario [Shield # 2128] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

2

13.     Defendants John Doe and Jane Doe were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

14.     Defendants Gumbs, Caffrey, Lee, Prado, Romaniello, Rosario and John Doe and Jane Doe are collectively referred to herein as "defendant officers".

15.     At all times material to this Complaint, the defendant officers acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

16.     On or about April 30, 2016, at approximately 5:30 p.m., defendant officers, acting in concert, arrested the plaintiff without cause at or close to the corner of Broadway and West 32nd Street, New York, New York, and charged plaintiff with PL 165.30(1) 'Fraudulent accosting'; PL 225.05 'Promoting gambling in the second degree'; PL 225.30 'Possession of a gambling device'; and PL 240.35 'Loitering'.

17.     Plaintiff, however, did not accost any person or individual, did not promote gambling or loiter, was not in possession of any gambling device, and did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

18.     Prior to the arrest, plaintiff was shopping for Mother's day gifts when she was bum-rushed and arrested by defendant officers.

19.     Defendant officers tightly handcuffed the plaintiff with her hands placed behind her back.

20.     Plaintiff complained that the handcuffs were too tight and were causing her to experience pain and numbness.

21.     Plaintiff pleaded with defendant officers to remove or loosen the handcuffs.

22.     Defendant officers refused plaintiff's entreaties to remove or loosen the handcuffs.

23.     Defendant officers subjected the plaintiff to an illegal search.

24.     Defendant officers did not recover any contraband from their unlawful search of the plaintiff.

25.       Eventually, defendant officers forcibly pushed the plaintiff into their police vehicle and transported the plaintiff to NYPD-Midtown South Precinct.

26.       Plaintiff who suffers from chronic back pain and other medical issues complained that she was experiencing pain and needed medical attention.

27.       Plaintiff requested to be transported to the hospital for medical care and treatment.

28.       Defendant officers however denied plaintiff's entreaties and refused to provide the plaintiff with medical treatment and care.

29.       After detaining the plaintiff at the precinct for a lengthy period of time, plaintiff was transported to the Central Booking to await arraignment.

30.       Plaintiff was eventually transported to the hospital where she was seen and/or examined by her treating physicians.

31.       After she was seen and treated at the hospital, plaintiff was transported back to the Central Booking to await arraignment.

32.       While plaintiff was awaiting arraignment, defendant officers met with prosecutors employed by the New York County District Attorney's Office.

33.       During this meeting, defendant officers falsely stated to the prosecutors, among other things, that the plaintiff accosted certain persons or individuals, loitered or remained in a public place for the purpose of gambling, promoted gambling and was in possession of a gambling device.

34.       Based on the false testimony of defendant officers, the prosecutors initiated criminal actions against the plaintiff.

35.       Upon arraignment, plaintiff was released on her own recognizance but was required to return to the criminal court to defend the false charges levied against her.

36.       Plaintiff subsequently appeared before the criminal court on multiple occasions to defend the false charges levied against her.

37.       On or about November 1, 2016, plaintiff appeared in the criminal court and was informed that the case against her was adjourned in contemplation of dismissal.

38.     On or about April 28, 2017, the false charges levied against plaintiff were summarily dismissed.

39.     Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

40.     Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

41.     As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

42.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 41 of this complaint as though fully set forth herein.

43.     The conduct of defendant officers, as described herein, amounted to false arrest.

44.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

45.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

46.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 45 of this complaint as though fully set forth herein.

47.     The conduct of defendant officers, as described herein, amounted to excessive use of force.

48.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

49.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

50.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 49 of this complaint as though fully set forth herein.

51.     That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

52.     Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

53.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

54.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant officers

55.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 54 of this complaint as though fully set forth herein.

56.     Defendant officers denied plaintiff her due process right to be free from continued detention after it was or should have been known that plaintiff was entitled to release.

57.     The conduct of defendant officers, as described herein, amounted to unreasonable detention.

58.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

59.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: FABRICATION OF EVIDENCE - against defendant officers

60.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 59 of this complaint as though fully set forth herein.

61.     Defendant officers manufactured evidence of criminality against the plaintiff which the prosecutors relied upon to initiate criminal actions against the plaintiff.

62.     The conduct of defendant officers, as described herein, amounted to fabrication of evidence.

63.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

64.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: UNREASONABLE SEARCH & SEIZURE - against defendant officers

65.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 64 of this complaint as though fully set forth herein.

66.     Defendant officers subjected plaintiff to unreasonable search & seizure.

67.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

68.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: DELIBERATE INDIFFERENCE - against defendant officers

69.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 68 of this complaint as though fully set forth herein.

70.     Defendant officers denied plaintiff treatment needed to remedy her serious medical conditions and did so because of their deliberate indifference to plaintiff's need for medical treatment and care.

71.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

72.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: CONSPIRACY - against defendant officers

73.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 72 of this complaint as though fully set forth herein.

74.     In an effort to find fault to use against the plaintiff who is of Hispanic descent, defendant officers met with themselves and with several other individuals on numerous occasions (including but not limited to the April 30, 2016 date of arrest) and agreed to deprive plaintiff of her constitutional rights secured by 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

75.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

76.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of defendant officers, individually and severally.

NINTH        CAUSE        OF        ACTION:        FAILURE        TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

77.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 76 of this complaint as though fully set forth herein.

78.     Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

79.     Additionally, defendant City of New York, acting through Cyrus R. Vance, Jr. and the Office of the District Attorney of the New York County, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, the initiation and/or prosecution of criminal actions, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and the expected standard of practice for candor with the court.

80.      Defendant City of New York, acting through aforesaid NYPD and District Attorney, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in narcotics, drugs, guns, robberies and/or other illicit activities.

81.      Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

82.      For example, in *Jones v. City of New York*, 603 Fed. Appx. 13 (2d Cir. 2015), Police Officer David Rodriguez arrested the plaintiff in that matter, Javier Jones, merely because he was allegedly informed that Mr. Jones was in the company of another individual named Frantz Machon who allegedly did display a weapon.

83.      Officer Rodriguez was questioned at his deposition as to whether it is NYPD's policy to charge all members of a group with criminal possession of a weapon when only one group member is alleged to have possessed a firearm.

84.      Officer Rodriguez, as the Second Circuit observed, testified that although NYPD "does not have an official policy of charging all members of a group with criminal possession of a weapon when only one group member is alleged to have possessed a firearm, [] 'That is what we do.'" *Jones*, 603 Fed. Appx. at 15.

85.      Officer Rodriguez did further elaborate that "It is like an accomplice to the person with the firearm[]" and that "the normal procedure is when you have a situation like this, everyone gets charged with the firearm because we are going off on what the victim said . . . if the victim said that [Machon] had a firearm, that is going to be the charge for everyone."

86.      As the plaintiff in Jones successfully argued before the Second Circuit, Officer Rodriguez's testimony shows that he "is unaware that he does not

have probable cause to arrest a mere bystander[]" which confirms the fact that "he has not been trained on this issue by the City [and NYPD]."

87. Here, as was true in Jones, the City and the NYPD has failed to train defendant officers and has failed to instill in them the fact that they lack probable cause to arrest a mere bystander or an individual such as the plaintiff who was merely shopping for Mother's day gifts.

88. Importantly, as noted above, the plaintiff did not at anytime accost any person or individual, loiter or remain in a public place for the purpose of gambling, promote gambling and was not in possession of a gambling device.

89. In addition, several officers of the NYPD assigned to NYPD-Midtown South Precinct -- as defendant officers -- routinely make unlawful arrests charging innocent persons with various crimes and/or offenses.

90. Most of the arrests and charges made by officers assigned to NYPD-Midtown South Precinct are usually voided and/or dismissed by prosecutors for lack of evidence.

91. Defendant City of New York has settled numerous lawsuits brought in this district against several officers assigned to NYPD-Midtown South Precinct concerning similar arrests and charges as those described herein.

92. Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

93. The actions of defendants, acting under color of State law, deprived plaintiff of her due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in her person and property, to be free from abuse of process, the excessive use of force and the right to due process.

94.     By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

TENTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendants

95.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 94 of this complaint as though fully set forth herein.

96.     By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting her and depriving her of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

97.     In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of her constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

98.     The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of her

constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

99.     Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

ELEVENTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

100.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 99 of this complaint as though fully set forth herein.

101.    The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

102.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWELFTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

103.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 102 of this complaint as though fully set forth herein.

104.    By reason of and as a consequence of the conduct of defendant officers, plaintiff sustained bodily injuries with the accompanying pain.

105.    The conduct of the defendants, as described herein, amounted to assault and battery.

106.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRTEENTH CAUSE OF ACTION: TORTS (NEGLIGENCE AND/OR BREACH OF SPECIAL DUTY OR RELATIONSHIP) - against defendants

107.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 106 of this complaint as though fully set forth herein.

108.     Defendants failed to properly care, supervise and protect the plaintiff, failed to ensure the plaintiff's health and safety, and were careless and negligent in their treatment of the plaintiff.

109.     The conduct of the defendants, as described herein, amounted to negligence and breach of special duty or relationship.

110.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

111.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 110 of this complaint as though fully set forth herein.

112.     The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

113.     Plaintiff's emotional distress has damaged her personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

114.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

115.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 114 of this complaint as though fully set forth herein.

116.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

117.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

118.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

119.     Upon information and belief, defendant City's negligence in hiring and retaining defendant officers proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

    a.     For compensatory damages against all defendants in an amount to be proven at trial;

    b.     For exemplary and punitive damages against all defendants in an amount to be proven at trial;

    c.     For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

    d.     For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
      January 22, 2018

UGO UZOH, P.C.

/s/

By:    _____
       Ugochukwu Uzoh (UU-9076)
       Attorney for the Plaintiff
       304 Livingston Street, Suite 2R
       Brooklyn, N.Y. 11217
       Tel. No: (718) 874-6045
       Fax No: (718) 576-2685
       Email: u.ugochukwu@yahoo.com